UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60090-LEIBOWITZ/AUGUSTIN-BIRCH

BETTERNOI, LLC,

    Plaintiff,

v.

STAVROS ALOIZOS, *et al.*,

    Defendants.

_____/

### ORDER GRANTING MOTION TO COMPEL DISCLOSURE OF SUBSCRIBER INFORMATION FROM VERIZON, GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DISCOVERY RESPONSES, AND CANCELING MARCH 25, 2026 DISCOVERY HEARING

This cause comes before the Court on Plaintiff Betternoi, LLC's Motion to Compel Disclosure of Subscriber Information from Verizon, briefed at docket entries 154, 183, and 184. The cause also comes before the Court on Plaintiff's Motion to Compel Discovery Responses, briefed at docket entries 157 and 160. The Court has carefully considered the briefing and the record and is fully advised in the premises.

The Court set a hearing on the Motion to Compel Discovery Responses for March 25, 2026, at 9:30 a.m. DE 156. However, upon review of the briefing, the Court concludes that a hearing is unnecessary to resolve the discovery dispute, and the Court therefore **CANCELS** the March 25 hearing. As set forth below, the Motion to Compel Disclosure of Subscriber Information from Verizon is **GRANTED**, and the Motion to Compel Discovery Responses is **GRANTED IN PART AND DENIED IN PART**.

I.      **Motion to Compel Disclosure of Subscriber Information from Verizon**

Plaintiff alleges in the Third Amended Complaint that it developed the proprietary program BetterCMS Pro, an "application tool set utilized to deploy template websites." DE 101 ¶¶ 156–57. BetterCMS Pro enables Plaintiff to "quickly and efficiently build and customize its customers' websites." *Id.* ¶ 159. Plaintiff maintains that BetterCMS Pro is a trade secret. *Id.* ¶ 170. Plaintiff further maintains that Defendants misappropriated that trade secret by using BetterCMS Pro to build pornography websites for customers. *Id.* ¶¶ 179–81.

To substantiate its claims, Plaintiff served a subpoena on Verizon. DE 154-2 (subpoena). The subpoena requests the production of 13 categories of documents. *Id.* at 9–10. Request #1 is relevant to the Motion to Compel Disclosure of Subscriber Information. Request #1 asks for, "Any and all documentation regarding the Verizon root directory account https://gitlab.benmol.net/webworkspros/cms.git; root directory benmol.net and IP 108.35.195.52 from inception to present." *Id.* at 9.

Plaintiff asks for an order compelling Verizon to respond to Request #1, including by disclosing subscriber information. Verizon's position is that, under federal law, it cannot respond to Request #1 without a court order requiring it to do so. *See* 47 U.S.C. § 551(c)(1), (2) (prohibiting a cable operator from disclosing personally identifiable subscriber information except under limited circumstances, with one of those circumstances being when a court order authorizes disclosure). Verizon does not oppose Plaintiff obtaining such a court order.

Defendants filed a response to the Motion to Compel Disclosure of Subscriber Information. DE 183. But the response does not voice opposition to a court order requiring Verizon to respond to Request #1. The response instead contends that Request #'s 6 through 13 ask for documents outside of the scope of discovery. The Motion does not ask for relief with respect to Request #'s 6

2

through 13; the Motion asks for relief with respect to Request #1.  As Defendants have not opposed the relief sought through the Motion, and as Verizon does not oppose that relief either, the Motion is unopposed.

Plaintiff's Motion to Compel Disclosure of Subscriber Information from Verizon [DE 154] is **GRANTED**.  Verizon must respond to Request #1 of the subpoena served on November 24, 2025 [DE 154-2].  Verizon must comply with all requirements under the law when responding to Request #1 of the subpoena, including the requirement under 47 U.S.C. § 551(c)(2)(B) to notify the subscriber of this Order.  The parties may only use the information produced in response to Request #1 of the subpoena for the purpose of this lawsuit.

## II.     Motion to Compel Discovery Responses

In the Motion to Compel Discovery Responses, Plaintiff asks that Defendants be ordered to supplement their responses to Plaintiff's Interrogatories and Requests for Production.  According to Plaintiff, the parties conferred about Defendants' responses, and Defendants agreed to supplement their responses but did not provide a date by which they would do so.  Plaintiff contends that, as of the date it filed the Motion, Defendants had not served their supplements.

In their response to the Motion, Defendants acknowledge agreeing to supplement their discovery responses.  The Court therefore **GRANTS** the Motion to Compel Discovery Responses insofar as, **within 10 days of the date of this Order**, Defendants must serve on Plaintiffs their most up-to-date amended discovery responses together with responsive material.  The amended discovery responses and any objections must comply with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and the Order Setting Discovery Procedures at docket entry 56.

Plaintiff did not brief the substance of any requests or objections in the Motion. Plaintiff did attach conferral communications to the Motion, DE 157-4 to -6, but Plaintiff cannot make arguments to the Court simply by incorporating conferral communications by reference. *See* DE 56 at 3 ("The parties must make their arguments in the briefing itself and may not incorporate by reference or otherwise direct the Court to review communications between counsel (such as conferral letters or emails) to understand their arguments."). The Court will not rule on the merits of any requests or objections because Plaintiff did not brief them. To the extent Plaintiff sought to have the Court overrule any particular objections, the request is **DENIED** due to Plaintiff's failure to properly brief the request.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 5th day of March, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE