**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-60090-LEIBOWITZ/AUGUSTIN-BIRCH**

BETTERNOI, LLC,

      Plaintiff,

v.

STAVROS ALOIZOS, *et al.*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S RENEWED**
**MOTION TO STRIKE INDIVIDUAL DEFENDANTS' AFFIRMATIVE DEFENSE 10**

This case comes before the Court on Plaintiff Betternoi, LLC's Renewed Motion to Strike Individual Defendants' Affirmative Defense 10. DE 172. Defendants Stravros Aloizos, Christos Aloizos, Diego Benitez, Juan Camilo Llanos Toro, Jeffery Wahl, Justin Burke, Mandar Patil, and Ashutosh Gajankush (collectively, "Individual Defendants") responded to the Motion to Strike, and Plaintiff did not file a reply. DE 177. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to Strike to the undersigned United States Magistrate Judge for a report and recommendation. DE 174. The Court has carefully reviewed the briefing and the record and is fully advised in the premises. For the reasons set forth below, the Court recommends that the Motion to Strike [DE 172] be **DENIED**.

**I.      Legal Standards Applicable to Motions to Strike**

"A court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial

matters." *Vineland Pointe Owner, LLC v. First Bank*, No. 9:24-cv-81217, 2025 WL 857780, at *1 (S.D. Fla. Feb. 20, 2025) (quotation marks omitted). "Courts have broad discretion when considering a motion to strike; however, striking defenses from a pleading remains a drastic remedy to be resorted to only when required for the purposes of justice and only when the stricken material has no possible relation to the controversy." *Serino v. Kee-Channer*, No. 0:24-cv-61551, 2025 WL 1546947, at *2 (S.D. Fla. May 29, 2025) (alterations and quotation marks omitted); *see also Vineland Pointe Owner*, 2025 WL 857780, at *2 (explaining that "a motion to strike should be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party" (quotation marks omitted)).

## II. Analysis of Plaintiff's Motion to Strike

Plaintiff pled in the Third Amended Complaint that it employed Individual Defendants. Individual Defendants had employment agreements, and those agreements prohibited them from engaging in business that interfered with their employment, required them to protect Plaintiff's confidential information and trade secrets, and provided that their work product belonged to Plaintiff. Individual Defendants breached their employment agreements by using Plaintiff's programs and other property to develop and operate a business building pornography websites. DE 101 at 27–40.

Each Individual Defendant filed an Answer in response to the Third Amended Complaint, and those Answers include affirmative defenses. DE 161–DE 167; DE 169. Plaintiff now seeks to strike affirmative defense #10 in each Answer. Affirmative defense #10 in each Answer reads:

2

**Affirmative Defense 10** – Under the doctrine of first material breach, BetterNOI cannot enforce restrictive covenants contained within the Contract because BetterNOI materially breached the Contract first. BetterNOI was contractually obligated to provide Defendant a 401k benefit and deposit Defendant's 401k contribution amounts into Defendant's 401k account pursuant to the Contract 29 CFR § 2510.3-102 and 29 U.S.C. § 1106 (which were imported into the contract by operation of law). Defendant fully performed by electing to participate in BetterNOI's 401k program and earmarking a certain sum from each paycheck to be deposited into his 401k account. BetterNOI materially breached the Contract and violated 29 CFR § 2510.3-102 and 29 U.S.C. § 1106 by failing and refusing to deposit Defendant's 401k contribution amount into Defendant's 401k account. BetterNOI also materially breached the Contract by comingling Defendant's 401k contributions with BetterNOI's assets. BetterNOI's material breaches excuse Defendant from performing under the Contract, including performance of the restrictive covenant obligations.

*E.g.*, DE 161 at 41.

Based on attachments to the Third Amended Complaint, the compensation provided for as part of Individual Defendants' employment agreements included a 401k with 4% matching. *E.g.,* DE 101-1 at 3. Also based on those attachments, Illinois law governs the employment agreements. *E.g., id.* at 8. "[U]nder Illinois law, 'a material breach of a contract provision will justify nonperformance by the other party.'" *Driveline Sys., LLC v. Artic Cat, Inc.*, 936 F.3d 576, 579–80 (7th Cir. 2019) (quoting *InsureOne Indep. Ins. Agency, LLC v. Hallberg*, 976 N.E.2d 1014, 1025 (Ill. App. Ct. 2012)). Further, under Illinois law, failure to properly compensate an employee can constitute a material breach of an employment contract. *See Francorp, Inc. v. Siebert*, 126 F. Supp. 2d 543, 547 (N.D. Ill. 2000) ("Francorp materially breached its employment relationship with defendants in this case by failing to pay them for a substantial period prior to their departure from the company. It is axiomatic that an employer's failure to compensate its employees violates the employment relationship."). So to recap: (1) Individual Defendants' compensation per their employment agreements included a 401k with matching, (2) Individual Defendants allege through affirmative defense #10 that Plaintiff failed to deposit their 401k contributions into their 401k accounts and instead comingled those contributions with Plaintiff's own assets, and (3) a failure to provide the compensation Individual Defendants were due could be a material breach of their employment agreements that could justify their alleged nonperformance of those agreements.

Plaintiff nevertheless contends that affirmative defense #10 must be stricken. Plaintiff maintains that the affirmative defense must be stricken because it cites 29 U.S.C. § 1106 and 29 C.F.R. § 2510.3-102 as being "imported" into Individual Defendants' employment agreements "by operation of law," and Plaintiff asserts that this statute and regulation actually are not imported into the employment agreements. *E.g.*, DE 161 at 41.

The statute and regulation implement parts of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff cites no authority for a proposition that ERISA provisions are not imported into employment agreements. But even if the Court accepts Plaintiff's argument that ERISA provisions are not imported into employment agreements, the Court does not recommend striking affirmative defense #10. The Court does not recommend striking the affirmative defense because, putting the citations to the statute and regulation to the side, the affirmative defense notifies Plaintiff of Individual Defendants' defense that Plaintiff's alleged conduct with respect to their 401k contributions materially violated their employment agreements and justifies their alleged nonperformance of those agreements. Affirmative defense #10 bears a relationship to the matters in controversy in this litigation, does not confuse the issues, and does not prejudice any party. The affirmative defense should not be stricken. *See Vineland Pointe Owner*, 2025 WL 857780, at *2 (stating that "a motion to strike should be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party" (quotation marks omitted)).

### III.    Recommendation on Plaintiff's Motion to Strike

For the foregoing reasons, the Court recommends that Plaintiff's Renewed Motion to Strike Individual Defendants' Affirmative Defense 10 [DE 172] be **DENIED**.

4

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 15th day of April, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE