**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-60090-LEIBOWITZ/AUGUSTIN-BIRCH**

**BETTERNOI, LLC,**

**Plaintiff,**

**v.**

**STAVROS ALOIZOS, *et al.*,**

**Defendants.**
______________________________________/

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES, GRANTING DEFENDANTS' RENEWED MOTION FOR PROTECTIVE ORDER, AND CANCELING AUGUST 26 DISCOVERY HEARING**

This case comes before the Court on two discovery motions. The first motion is Plaintiff BetterNOI, LLC's Motion to Compel Discovery Responses, which is fully briefed at docket entries 222, 228, and 230. In that motion, Plaintiff asks the Court to compel Defendants to produce documents responsive to its Third and Fourth Sets of Requests for Production. But Plaintiff does not explain which particular responses from Defendants are inadequate and why or which particular objections Defendants raised are meritless and why.

Instead, Plaintiff points to a letter between counsel to provide the explanation. DE 222 at 3 ("Plaintiff BNOI articulates each request, Defendants' responses to such requests, and BNOI's reasoning as to why such responses are deficient within the discovery discrepancy letter attached hereto as Exhibit C."); DE 230 at 2 ("Exhibit C . . . sets forth with specificity each deficient request, Defendants' inadequate response, and the basis for BetterNOI's position."). The Court has already twice stated that the parties may not simply attach counsel correspondence to motion briefing as the means of making their arguments to the Court. The parties must make their arguments in their

briefs. DE 56 at 3–4 ("The parties must make their arguments in the briefing itself and may not incorporate by reference or otherwise direct the Court to review communications between counsel (such as conferral letters or emails) to understand their arguments. If a party intends the Court to review such communications to understand its arguments, those communications are considered part of the briefing and may violate the briefing page limitations."); DE 188 at 4 ("Plaintiff did not brief the substance of any requests or objections in the Motion. Plaintiff did attach conferral communications to the Motion, . . . but Plaintiff cannot make arguments to the Court simply by incorporating conferral communications by reference. . . . The Court will not rule on the merits of any requests or objections because Plaintiff did not brief them."). As Plaintiff again did not brief why a further response to any request should be compelled or why any objection should be overruled, the Motion to Compel Discovery Responses [DE 222] is **DENIED**.

The Court reminds the parties that the standard for the production of documents is that the responding party must produce documents that are within its possession, custody, or control. Fed. R. Civ. P. 34(a)(1); *see Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."). It is apparent from the briefing that, for at least some requests for production, Defendants maintain that they do not have responsive documents within their possession, custody, or control, and Plaintiff asserts this is false. If Plaintiff is going to make that assertion to the Court, it will need to specifically point to evidence demonstrating that its assertion is correct and that Defendants do have responsive documents within their possession, custody, or control. The Court must be directed to some evidence by which to resolve a dispute where the requesting party argues that the responding party has responsive material, and the responding party argues that it does not. This is

especially true here, where it appears that the dispute over whether Defendants have responsive documents involves a disagreement over how technology works and/or how electronic information is saved or disseminated.

The second motion before the Court is Defendants' Renewed Motion for Protective Order Regarding Subpoenas Directed to Google, LLC and Microsoft Corporation, which is fully briefed at docket entries 223, 231, and 233. In that motion, Defendants ask the Court to enter a protective order with respect to subpoenas Plaintiff issued to two third parties to produce information concerning Defendants' personal email accounts, including all sent, received, and draft emails beginning in April of 2019. Defendants attached the subject subpoenas to their motion. DE 223-3 to -6.

Parties generally "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (defining the scope of discovery in federal lawsuits). A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c) enables a party to move for a protective order on the ground that a third-party subpoena seeks irrelevant information. *Sun Cap. Partners v. Twin City Fire Ins. Co.*, 303 F.R.D. 673, 678 (S.D. Fla. 2014), *aff'd*, No. 12-CV-81397, 2015 WL 11921411 (S.D. Fla. July 2, 2015).

Here, the third-party subpoenas clearly request irrelevant information. The subpoenas do not ask for emails that might have a bearing on this case, instead asking for *all* sent, received, and draft emails from Defendants' personal email accounts. Further, Plaintiff has not explained how emails from as far back as April of 2019 might be relevant. Plaintiff did not respond to Defendants'

argument that, even according to Plaintiff's own expert, Defendants' alleged acts of misappropriation did not begin until around 2024.

Because the subpoenas request irrelevant information, Defendants' Renewed Motion for Protective Order Regarding Subpoenas Directed to Google, LLC and Microsoft Corporation [DE 223] is **GRANTED**. Plaintiff's counsel must immediately withdraw the subpoenas issued to Google, LLC and Microsoft Corporation and must immediately inform those companies that they must not respond to the subpoenas.

Having resolved the two discovery motions before the Court, the discovery hearing scheduled for August 26, 2026, is **CANCELED**. The Court advises the parties that any additional hearings it schedules in this case, whether for discovery purposes or otherwise, will be set to take place **in person** at the Federal Courthouse in Fort Lauderdale, Florida.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 25th day of August, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE