**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-60090-LEIBOWITZ/AUGUSTIN-BIRCH**

**BETTERNOI, LLC,**

**Plaintiff,**

**v.**

**STAVROS ALOIZOS, *et al.*,**

**Defendants.**
________________________________________/

**ORDER DENYING PLAINTIFF'S MOTION FOR SPOILATION SANCTIONS**

This case comes before the Court on Plaintiff BetterNOI, LLC's Motion for Spoilation Sanctions, which is fully briefed at docket entries 206, 210, and 212. The Honorable David S. Leibowitz, United States District Judge, referred the Motion for Spoilation Sanctions to the undersigned United States Magistrate Judge. The Court has carefully considered the briefing, the supplements thereto, and the record and is fully advised in the premises. The Motion for Spoilation Sanctions [DE 206] is **DENIED**.[1]

Plaintiff asks for sanctions in the form of a default judgment or, alternatively, adverse-inference instructions due to Defendant Diego Benitez's purported spoilation of evidence. "Spoilation is defined as the destruction of evidence or the significant and meaningful alteration of a document or instrument." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir. 2020)

[1] The Court enters an Order on the Motion for Spoilation Sanctions, rather than a Report and Recommendation, because Magistrate Judges "have jurisdiction to enter sanctions orders when the result does not strike claims, completely preclude defenses, or generate litigation-ending consequences." *Taverna Imps., Inc. v. A & M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2018 WL 3611405, at *10 (S.D. Fla. July 27, 2018). "To determine whether a sanction is dispositive or non-dispositive, the critical factor is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions." *Id.* This Order does not impose sanctions whatsoever, much less dispositive ones.

(quotation marks omitted). "A district court's power to sanction a party for spoliation of evidence derives from two sources: (1) the Federal Rules of Civil Procedure and (2) a court's inherent power to control the judicial process and litigation." *Diaz v. Carnival Corp.*, No. 20-22755-Civ, 2021 WL 3932631, at *1 (S.D. Fla. May 25, 2021) (quotation marks omitted). Under the Federal Rules of Civil Procedure, a court may impose sanctions if "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). "If possible, courts prefer to administer sanctions pursuant to Rule 37 or other similar statutory sources, and only if the Rules cannot provide adequate redress should the court invoke it's inherent power." *Long v. Celebrity Cruises, Inc.*, No. 12-22807-Civ, 2013 WL 12092088, at *2 (S.D. Fla. July 31, 2013). Sanctions for spoliation may include dismissal of the case, exclusion of expert testimony, or a jury instruction that raises a presumption against the spoliator. *Tesoriero*, 965 F.3d at 1184.

A party seeking to establish spoliation and requesting sanctions "must prove several things; first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense." *Diaz*, 2021 WL 3932631, at *2 (quotation marks omitted). With respect to the third element, "[g]enerally, only outcome-determinative evidence constitutes 'crucial' evidence." *Long*, 2013 WL 12092088, at *5. "Generally, a court denies spoliation [sanctions] unless a plaintiff proves that the destruction of evidence leads to an inability to prove the case." *Id.* Even where the three elements are met, "a party's failure to preserve evidence rises to the level of sanctionable spoliation only where the absence of that evidence is predicated on bad

faith, such as where a party purposely loses or destroys relevant evidence." *Diaz*, 2021 WL 3932631, at *2 (alteration and quotation marks omitted).

Plaintiff contends that Defendant Benitez misappropriated Plaintiff's BetterCMS Pro program, a trade secret, "when he copied [the] program to his personal computer, known as the 'benmol' server." DE 206 at 2. Plaintiff argues that the benmol server's disk drive would have shown that Defendant Benitez copied the program and proven the misappropriation claim. According to Plaintiff, Defendant Benitez discarded the disk drive, and it cannot be recovered.

The information on the disk drive is not crucial, outcome-determinative evidence that leaves Plaintiff unable to prove its misappropriation claim. According to Plaintiff's representations to the Court, there is still evidence available to prove that Defendant Benitez copied the BetterCMS Pro program to the benmol server.

One such source of evidence is Plaintiff's computer system that Defendant Benitez used while he worked for Plaintiff. Plaintiff maintains that Defendant Benitez transferred the program to the benmol server from his work computer. Through forensic analysis of its computer system, Plaintiff has been able to determine what Defendants copied or transferred from the computer system. *E.g.,* DE 151-14 (expert declaration describing "review of relevant computer files comprised of backup copies from Individual Defendants' computers used during their employment" and providing instances of files and code being downloaded and copied); DE 206-1 ¶ 24.a. ("Three commits . . . resulted in the transfer of over 4,700 files to the external computer . . . ."). This analysis would provide evidence that Defendant Benitez transferred the BetterCMS Pro program.

Another source of evidence could be the other Defendants' personal computers and servers. Plaintiff represents to the Court that, through a program called "Authentik," the other individual

Defendants accessed the benmol server and "created a mirror image of BetterNOI's trade secrets on each of their computers." DE 206 at 3. Plaintiff further represents that its trade secrets were "copied and/or transferred to servers owned by Defendant Web Works." DE 206 at 3. Accepting Plaintiff's representations, evidence that the BetterCMS Pro program existed on the benmol server could be uncovered through forensic analysis of those other computers and servers. *E.g.,* DE 212-2 ¶ 23 ("I understood these messages to describe each member running the WebWorksPros CMS code locally within a development environment on his own computer."); DE 206-1 ¶ 85 ("It is therefore very likely that each defendant has on their computer the webworkspros/cms repository containing BetterNOI trade secrets"); DE 206 at 9 ("Since the benmol server contained a copy of BetterNOI's git repository, the other Individual Defendants' computers would contain a mirror copy of the BetterNOI's git repository as well."). The benmol server's disk drive is not critical to proving that Defendant Benitez transferred the BetterCMS Pro program to the benmol server.

As Plaintiff has not shown the third element of spoilation, the Court need not consider whether Plaintiff could show the other two elements or could show that Defendant Benitez acted in bad faith. Plaintiff's request for spoilation sanctions against Defendant Benitez is **DENIED**.

Plaintiff also seeks spoilation sanctions against the remaining Defendants, but Plaintiff does not contend that any of the other Defendants spoliated evidence. Instead, Plaintiff asserts that the other Defendants have not made their computers and servers available for forensic analysis. Spoilation sanctions are not the appropriate remedy for a party's refusal to make evidence available for inspection. If Plaintiff sought forensic analysis of computers and servers, and if Defendants objected, then Plaintiff could and should have brought a motion to compel forensic analysis by complying with the Order Setting Discovery Procedures. *See* DE 56 (Order Setting Discovery Procedures). Plaintiff did not make such a motion. The Court takes no position on

whether a motion would be timely at this juncture. *See* S.D. Fla. L.R. 26.1(d) (providing deadlines to request discovery before the discovery deadline); S.D. Fla. L.R. 26.1(g)(2) (providing deadlines to seek a court's intervention in a discovery dispute). Plaintiff's request for spoilation sanctions against the remaining Defendants is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 25th day of August, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE